IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JULU ROSS,

               Plaintiff,

                                            Civ. Action No.
   vs.                                        9:02-CV-1501 (DNH/DEP)

J. McCOY, et al.

               Defendants.

_____

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

JULU ROSS, pro se
Rochester, New York

FOR DEFENDANTS:

HON. ELIOT SPITZER            PATRICK MACRAE, ESQ.
NYS Attorney General           Assistant Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION AND ORDER

     This civil rights action was commenced on December 2, 2002. It appears to this Court, however, that service of process has not been effectuated upon defendants Sgt. Ryerson, E. Woodard, Sergeant Ryan,

C.O. Emerson, and the John Doe defendants, despite the fact that the action was filed more than three years ago.

Rule 4(m) of the Federal Rules of Civil Procedure authorizes dismissal where a summons and complaint is not served within 120 days after filing of the complaint, absent a showing of good cause.[1]   Fed. R. Civ. P. 4(m); Shuster v. Nassau Cty., No. 96 Civ. 3635, 1999 WL 9847, at *1 (S.D.N.Y. Jan. 11, 1999) (Rule 4(m) authorizes dismissal where no service within 120 days after filing of the complaint); Romand v. Zimmerman, 881 F. Supp. 806, 809 (N.D.N.Y. 1995) (McAvoy, C.J.) (120-day period for service of a summons and complaint by a plaintiff under Fed. R. Civ. P. 4(m) applies to pro se plaintiffs as well as those represented by counsel). Inasmuch as the defendants listed above have not been served or otherwise appeared in the action within the appropriate time period, this court has never acquired jurisdiction over them, and the complaint should be dismissed as against them.[2]  See, e.g., Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 709 F. Supp. 1279, 1282

---

[1] That period is further restricted by the local rules of this court, which require that service be effected within sixty days.  See Northern District of New York Local Rule § 4.1(b).

[2] Plaintiff was placed on notice of this deficiency in a decision and order issued by me on September 1, 2004.  See Dkt. No. 47.

(S.D.N.Y. 1989) (citing Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-45, 66 S. Ct. 242, 245-46 (1946)) (court lacks jurisdiction until defendants properly served with summons and complaint).  Additionally, since plaintiff has failed to identify and take steps to obtain jurisdiction over the John Doe defendants, I recommend dismissal of his claims against them as well.[3]

WHEREFORE, it is hereby

RECOMMENDED, that all claims against defendants Sgt. Ryerson, E. Woodard, Sergeant Ryan, C.O. Emerson, and the John Doe defendants named in this action are DISMISSED without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have TEN days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  Fed. R. Civ. P. 6(a), 6(e), 72; 28 U.S.C. § 636(b)(1);  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citations omitted); and it is further hereby

---

[3] As a practical matter, a plaintiff who fails to identify "John Doe" defendants within the statute of limitations risks losing the opportunity to sue those defendants. Barrow v. Wethersfield City Police Dep't, 66 F.3d 466, 469 (2d Cir. 1995); Cole v. Miraflor, No. 99 CIV 0977, 2001 WL 138765, at *4-*5 (S.D.N.Y. Feb. 19, 2001).

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail and defendants' counsel via electronic means.

IT IS SO ORDERED.

_____
David E. Peebles
U.S. Magistrate Judge


Dated:     January 20, 2006
           Syracuse, New York